**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED

2022 JUL 27  AM 11: 48

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

| | |
|---|---|
| RONALD WAYNE THOMPSON, § | |
| TDCJ No. 01648728, § | |
| Petitioner, § | |
| § | |
| v. § | **EP-22-CV-240-DCG** |
| § | |
| BOBBY LUMPKIN, § | |
| Director, Texas Department of § | |
| Criminal Justice, Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Ronald Wayne Thompson petitions the Court for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. Pet'r's Pet., ECF No. 1-1. Thompson challenges Respondent Bobby Lumpkin's

custody over him based on his conviction for murder, enhanced, in Cause Number 20080D00241

in the 210th Judicial District Court in El Paso County, Texas. See *Thompson v. Davis*, No. EP-

18-CV-263-PRM, 2019 WL 3358535, at *1 (W.D. Tex. July 25, 2019). Thompson's petition is

dismissed for the reasons discussed below.

### BACKGROUND AND PROCEDURAL HISTORY

On July 31, 2007, Thompson intentionally caused the death of Harley Chan by hitting

him in the head with a board. *Id.* He was indicted by a grand jury for capital murder. *Id.* He pled

guilty to the lesser included offense of murder as part of a plea agreement with the State. *Id.* He

was sentenced to forty years' imprisonment in the Texas Department of Criminal Justice. *Id.*

Thompson previously petitioned the Court for a writ of habeas corpus pursuant to § 2254

in cause number EP-18-CV-263-PRM. He claimed he "was heavily medicated for bipolar

disorder, schizophrenia, and depression . . . with adverse side effects that made it impossible for

[him] to understand what was going on at the time of trial." *Id.* at *2. He argued "his plea was

[therefore] involuntary." *Id.* In addition, he claimed "his trial counsel rendered ineffective assistance by telling him to lie to the trial court about his mental health and medications, advising him that he would receive a death sentence if he did not accept the plea deal, and failing to request a competency hearing prior to his plea." *Id.* His petition was denied, and his cause was dismissed with prejudice, as time barred on July 25, 2017. *Id.* at *5.

Thompson now seeks federal habeas relief once again through a § 2254 petition. Pet'r's Pet, ECF No. 1-1. He contends he was denied due process when the State allowed him to plead guilty while he was mentally retarded and heavily medicated for bipolar disorder. *Id.* at 8. He suggests that, based on this "new" evidence, he can show he is actually innocent. *Id.*

## APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). The AEDPA requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless "the claim relies on a new rule of constitutional law . . . or . . . the factual predicate . . . could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2). More importantly, the AEDPA bars a district court from considering a second or successive petition unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one); *cf.*

2

*Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) ("[T]he district court lacked jurisdiction to construe Hooker's petition as a [28 U.S.C.] § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion.").

"Although Congress did not define the phrase 'second or successive,' [it] does not simply 'refe[r] to all section 2254 applications filed second or successively in time.' " *Magwood v. Patterson*, 561 U.S. 320, 332 (2010). The Supreme Court permits a petitioner to pursue another petition without prior authorization from a court of appeals in three situations. First, a petitioner may proceed when he raises a claim which was not ripe at the time of his first application. *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007). Second, a petitioner may proceed when he raises a claim which was dismissed from his first application as premature but is now ripe. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–44 (1998). Finally, a petitioner may proceed when he raises a claim which was previously dismissed for lack of exhaustion. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

An application is clearly second or successive, however, when it (1) raises a claim "that was or could have been raised in an earlier petition," or (2) "otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). *See also Graham*, 168 F.3d at 774 n.7 ("Under current law, however, it is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

## ANALYSIS

Thompson's first habeas corpus was dismissed with prejudice as time barred. Such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on

3

second or successive petitions in 28 U.S.C. § 2244(b)(2). *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009).

Thompson's instant petition—which attacks the same conviction and sentence as his prior petition—raises claims that were or could have been presented in his earlier petition. Thompson's instant petition is therefore second or successive.

Moreover, because Thompson has not shown the requisite authorization from the Fifth Circuit Court of Appeals, the Court finds it lacks jurisdiction to hear his claims. *Key*, 205 F.3d at 774; *Hooker*, 187 F.3d at 681–82. The Court must accordingly dismiss Thompson's petition without prejudice to his re-filing, should he obtain proper approval from the Fifth Circuit.

## CERTIFICATE OF APPEALABILITY

The AEDPA also requires a certificate of appealability before an appeal may proceed with an appeal in this matter.   28 U.S.C. § 2253; *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997).   "This is a jurisdictional prerequisite because the statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.' " *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)). A circuit justice or judge will not issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483–84 (internal quotations and citations omitted).

The Court concludes that reasonable jurists would *not* find the Court's procedural ruling

4

debatable in this case. Consequently, the Court will not issue a certificate of appealability from its decision.

## CONCLUSIONS AND ORDERS

For the reasons discussed above, the Court concludes Thompson's instant pleading is a successive § 2254 application within the meaning of the AEDPA. The Court further concludes that a certificate of appealability should not issue. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Thompson's "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Thompson is **DENIED a CERTIFICATE OF APPEALABILITY.**

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this ___26th___ day of July 2022.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE